**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **WILLIAM D. WILLIAMS,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:05-CV-0673-A** |
| | § | |
| **TERRY O'BRIEN, Warden,[1]** | § | |
| **USP-Lee, and** | § | |
| **GREG ABBOTT, Attorney General,** | § | |
| **State of Texas,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for

the Northern District of Texas.  The Findings, Conclusions, and Recommendation of the United

States Magistrate Judge are as follows:

**I.  FINDINGS AND CONCLUSIONS**

A.  NATURE OF THE CASE

This is a petition for writ of habeas corpus by a prisoner under 28 U.S.C. § 2254.

B.  PARTIES

Petitioner William D. Williams, BOP #15409-008 and TDCJ #1069096, is a federal prisoner

currently incarcerated at USP Lee County, Virginia (USP-Lee).

Respondent Terry O'Brien is the Warden of USP-Lee and Respondent Greg Abbott is the

Attorney General for the State of Texas.

---

[1]Terry O'Brien is the current Warden of USP-Lee.  Accordingly, the clerk is directed to
substitute Terry O'Brien as respondent for Bryan Bledsoe.

## C. Factual and Procedural History

On February 10, 1997, Williams was sentenced in this court to a 151 month sentence for bank robbery. (Resp't Appendix to Resp. at 1.) *See* CM/ECF, Criminal Docket for Case # 4:96-CR-122-1, docket entry for February 10, 1997.  On July 30, 1998, Williams was convicted in state court by a jury and sentenced to life imprisonment for aggravated sexual assault of a child in Case No.0595823D in the 297th District Court of Tarrant County, Texas.  (Clerk's R. at 93.)  On July 19, 1999, Williams was sentenced in this court to various terms of imprisonment, including three life sentences, for carjacking, felon is possession of a firearm, interference with commerce by threats or violence, and carrying a weapon during commission of a crime of violence.  *See* CM/ECF, Criminal Docket for Case # 4:98-CR-210-1, docket entry for July 19, 1999.

By way of this petition, Williams challenges his 1998 state conviction.  The Second Court of Appeals affirmed the conviction, and denied Williams's motion for rehearing on May 6, 1999. *Williams v. Texas*, No. 2-98-356-CR, slip op. (Tex. App.–Fort Worth Apr. 1, 1999, no pet.) (not designated for publication).  Williams did not file a petition for discretionary review in the Texas Court of Criminal Appeals.  Williams filed three state applications for writ of habeas corpus challenging his state conviction.  The first was dismissed because his direct appeal was still pending and the second and third were denied by without written order by the Texas Court of Criminal Appeals.  *Ex parte Williams*, Appl. Nos. 38,891-01, 38,891-03 & 38,891-04.  Williams filed this petition on January 10, 2006.[2]  Dretke has filed an answer addressing only the issue of limitations,

---

[2]A pro se habeas petition is filed when the petition is delivered to prison authorities for mailing.  *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).  Williams does not indicate in the petition the date he placed the petition in the prison mailing system, however the envelope in which he mailed the petition reflects a postmark of October 24, 2005.  Thus, for purposes of this proceeding, Williams's petition is deemed filed on October 24, 2005.

to which Williams has not timely replied.

D. ISSUES

Williams raises four substantive grounds for habeas relief.

E. STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal

habeas corpus relief.  Section 2244(d) provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date

on which the judgment of conviction became final by the expiration of the time for seeking direct

review.  *See id.* § 2244(d)(1)(A).[3]  The state trial court's judgment became final and the one-year

limitations period began to run upon expiration of the time that Williams had for filing a timely

petition for discretionary review in the Texas Court of Criminal Appeals on June 5, 1999, and

expired one year later on June 5, 2000, absent any tolling.  *See Flanagan v. Johnson*, 154 F.3d 196,

197 (5th Cir. 1998); TEX. R. APP. P. 68.2.

Williams's state habeas application filed during the pendency of his direct appeal did not

operate to toll the limitations periods under § 2244(d)(2) nor did his state habeas applications filed

after limitations had already expired.  *See Larry v. Dretke*, 361 F.3d 890, 893-94 (5th Cir. 2004);

*Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).  Williams has not otherwise alleged or

demonstrated rare or exception circumstances that would justify tolling as a matter of equity.  *See*

*Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).  Williams's petition was due on or before June

5, 2000.  Thus, his petition filed on October 24, 2005, is untimely.

## II.  RECOMMENDATION

Williams's petition for writ of habeas corpus should be dismissed with prejudice as time-

barred.  All pending motions not previously ruled upon should be denied.

---

[3]There are no allegations that the state imposed an unconstitutional impediment to the filing
of Williams's petition for federal relief, that the Supreme Court has announced a new rule(s)
applicable to Williams's claims, or that the factual predicate of his claims could not have been
discovered sooner through the exercise of due diligence.  Therefore, the statutory exceptions
embodied in § 2244(d)(1)(B)-(D) do not apply.  Williams claims he was not notified of the state
appellate court's disposition of his direct appeal until November 30, 2001, however, he does not
raise the claim in the context of a limitations argument.  Nevertheless, even if the court were to
consider that date as the triggering event for purposes of calculating the limitations period,
Williams's federal petition would still be untimely.

### III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until June 7, 2006.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until June 7, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May 16, 2006.

___/s/   Charles Bleil_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE